IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUNE ELLEN MERRYMAN                                                                    PLAINTIFF

V.                                    Civil No. 2:25-cv-02140-TLB

GREENWOOD POLICE DEPARTMENT, *et. al.*                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for pre-service screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a plaintiff seeks to proceed *in forma pauperis*.

### I.   BACKGROUND

Plaintiff, June Ellen Merryman, filed her Complaint *pro se* on September 30, 2025. (ECF No. 2). On that same day, Plaintiff filed a pending Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1). In her Complaint, Plaintiff names as Defendants the Sebastian County Police Department, the Greenwood Police Department, and several officers employed by those agencies. The claims within the Complaint arise from an interaction between the parties concerning the alleged abuse of Plaintiff's minor child. Plaintiff alleges that: (1) Defendants retaliated against her after she reported child abuse to law enforcement; (2) Defendants failed to protect Plaintiff's child from abuse and were deliberately indifferent to risks of harm; and (3) the customs, policies, and practices of the two named police departments caused the violations previously described.

1

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

#### A.     Retaliation for Protected Activity

Plaintiff argues that after she engaged in the protected speech of reporting suspected child abuse to law enforcement, Defendants retaliated against her through harassment, false allegations, and denial of services.

To successfully plead a First Amendment retaliation claim, a plaintiff "must plausibly plead that [they] (1) engaged in a protected activity, (2) that defendants, to retaliate for the protected activity, took adverse action against them that would chill a person of ordinary firmness from engaging in that activity, and (3) that the protected activity was a motivating factor of the retaliation. *Zutz v. Nelson*, 601 F.3d 842, 848-849 (8th Cir. 2010) (quoting *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007)); *see also Salau v. Denton*, 139 F.Supp.3d 989, 1009 (W.D. Mo. 2015) (quoting *Sheffler v. Molin*, 743 F.3d 619, 621 (8th Cir. 2014)).

Relevant here, the *Salau* court found that the plaintiff's failure to plead any factual support for a retaliatory motive—aside from mere temporal sequence between the protected activity and adverse action—rendered the claim implausible and thereby subject to dismissal. *Id.* at 1009-1010.  In the instant matter, Plaintiff's pleadings pose an identical deficiency.  Plaintiff alleges no facts establishing a causal nexus between protected activity and any adverse action beyond noting that the latter followed the former.  (ECF No. 2, ¶ 15).

Accordingly, Plaintiff "has failed to plead sufficient allegations that would permit the court to infer more than the mere possibility of misconduct." *Salau*, 139 F.Supp.3d at 1010 (quoting *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011)).  Her retaliation claim should, therefore, be dismissed for failure to state a claim upon which relief may be granted.

### B.     Failure to Protect

Plaintiff contends that Defendants failed to protect her minor child from known abuse and acted with deliberate indifference to substantial risks of harm.  A failure-to-protect claim premised on deliberate indifference arises under the substantive component of the Fourteenth Amendment's Due Process Clause, which protects an individual's right to be free from harm caused by state officials' conscious disregard of known, substantial risks of serious harm.  *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 194-195 (1989).  Here, Plaintiff makes clear in her Complaint that the alleged constitutional violation is the exposure of Plaintiff's minor child to such risks—not a deprivation of the Plaintiff's own rights.  As such, the right at issue belongs solely to the child.

The Eighth Circuit has squarely held on multiple occasions that "non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves."  *Crozier for A.C. v. Westside Community School District*, 973 F.3d 882, 887 (8th Cir. 2020); *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (observing in a criminal case, a non-lawyer parent "lacked authority to act as an attorney before the court" on behalf of her minor children); *Udoh v. Minn. Dep't of Human Servs.*, 735 F. App'x 906, 907 (8th Cir. 2018) (per curiam) (affirming dismissal without prejudice of constitutional claims plaintiffs "attempted to assert on behalf of their minor daughters"); *Bower v. Springfield R-12 Sch. Dist.*, 263 F. App'x 542, 543 (8th Cir. 2008) (per curiam) (same for minor children).

This principle accords with the majority rule among the circuits.  *See, e.g., Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court.").

Accordingly, because the constitutional injury asserted here belongs exclusively to the child, the Plaintiff—who is proceeding *pro se* as a non-attorney—cannot bring this claim on behalf of the child. This claim must be dismissed.

### C. Municipal Liability

Plaintiff asserts a "Municipal Liability (Monell)" claim, arguing that it was the customs, policies, and practices of the Sebastian County Police Department and the Greenwood Police Department that caused the violations described above. Although Plaintiff named as Defendants both individual officers in their official capacity and the municipalities they serve, the nature of a *Monell* claim renders such individual official-capacity claims redundant.

In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed this redundancy, explaining that "claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights." *Id.* at 914; *see also Cannady v. Cradduck*, 2016 WL 4432704, at *1-*2 (W.D. Ark. 2016) (treating official-capacity claims against employees of a private medical contractor as claims against the contractor itself). As such, Plaintiff's official-capacity claims are properly understood as implicating only Sebastian County and the City of Greenwood.

To sustain an official-capacity claim against such an entity, the Plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (involving a § 1983 claim); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Further clarifying the pleading sufficiency standard for claims of this kind, the district court in *Arnold v. Corizon, Inc.*, 2015 WL 4206307 (E.D. Mo. 2015) found that conclusory claims alleging defendants have acted according to some unspecified policy or custom are "simply not enough to state official capacity claims against [such] defendants." *Id.* at 2.

5

Here, Plaintiff alleges no facts that could be construed as specifying a policy, custom, or practice to which Defendant's conduct adhered—akin to the circumstance that was before the *Arnold* court. As such, this claim should be dismissed for failure to state a claim upon which relief may be granted.

### IV.     CONCLUSION

For the reasons discussed above, it is RECOMMENDED that Plaintiff's First Amendment retaliation claim and her municipal liability claim be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted, and that Plaintiff's failure-to-protect claim be DISMISSED WITHOUT PREJUDICE because it is barred by the non-attorney representation rule.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of November 2025.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE